**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No.: |
| vs. | ) | |
| | ) | |
| UNCOMMON, LLC. and SPIGEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, SENTINEL INSURANCE COMPANY LTD. ("Sentinel"), by its attorneys, Michael J. Duffy and Abigail E. Rocap of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendant UNCOMMON LLC ("Uncommon") and SPIGEN, INC. ("Spigen"), states as follows:

**STATEMENT OF CASE**

1.      This action seeks a declaration that Sentinel owes no insurance coverage obligations to Uncommon in connection with the counterclaims against it in a lawsuit styled as <u>Uncommon, LLC v. Spigen, Inc.</u>, Case No. 15 cv 10897, currently pending in the Northern District of Illinois, Eastern Division ("<u>Uncommon</u> Suit").  A copy of the Complaint and the First Amended Answer, Affirmative Defenses and Counterclaim in the <u>Uncommon</u> Suit are attached as Group Exhibit A.

**PARTIES, JURISDICTION AND VENUE**

2.      Sentinel is an insurance company existing under the laws of Connecticut with its principal place of business in Connecticut.

3. Uncommon is a Delaware limited liability company with its principal place of business in Illinois.

4. The members of Uncommon are citizens of the Illinois.

5. Spigen is a California corporation with its principal place of business in California. Spigen is joined as an interested party solely to be bound by the judgment of this Court.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business within this District, and because this case involves coverage under certain insurance policies issued in this District for claims pending in this District.

**FACTS**

8. Sentinel issued certain liability policies to Uncommon bearing policy number 83 SBA PY 0354 SA effective annually from September 1, 2012 to September 1, 2016 (the "Sentinel Policies"). The Sentinel Policies each have a $1 million each occurrence limit, a $1 million personal and advertising limit and a $2 million general aggregate limit. The Sentinel Policies also contain excess umbrella coverage in the amount of $4 million with a $10,000 self-insured retention for each policy. Copies of the Sentinel Policies are attached as Exhibits B, C, D, and E respectively.

2

9.     The primary liability coverages in the Sentinel Policies provide, in part, as follows:

**BUSINESS LIABILITY COVERAGE FORM**

**A.    COVERAGES**

**1.    BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

**Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury" to which this insurance does not apply.

\*    \*    \*

b.    This insurance applies:

(1)    To "bodily injury" and "property damage" only if:

(a)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;

(b)    The "bodily injury" or "property damage" occurs during the policy period; and

\*    \*    \*

3

(2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

\*      \*      \*

**B.**    **EXCLUSIONS**

    **1.**    **Applicable To Business Liability Coverage**

    **This insurance does not apply to:**

    **a.**    **Expected Or Intended Injury**

(1)    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

(2)    "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

\*      \*      \*

    **p.**    **Personal and Advertising Injury**

    "Personal and advertising injury":

(1)    Arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2)    Arising out of oral, written or electronic publication of material

4

whose first publication took place before the beginning of the policy period;

\* \* \*

(7) Arising out of any violation of any intellectual property rights, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity.

However, this exclusion does not apply to infringement, in your "advertisement", of:

(1) Copyright

(2) Slogan, unless the slogan is also a trademark, trade name, service mark or other designation or origin or authenticity; or

(3) Title of any literary or artistic work;

\* \* \*

G. **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

1. "Advertisement," means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

a. (1) Radio;

(2) Television;

(3) Billboard;

(4) Magazine;

(5) Newspaper;

5

b.      The internet, but only that part of a web site that is about goods, products or services for the purposes of inducing the sale of goods, products or services; or

c.      Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

a.      The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or

b.      An interactive conversation between or among persons through a computer network.

\*     \*     \*

5.     "Bodily injury" means physical:

a.      Injury;

b.      Sickness; or

c.      Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*     \*     \*

16.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.    "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

a.      False arrest, detention or imprisonment;

b.      Malicious prosecution;

6

c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor;

d.      Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.      Oral, written or electronic publication of material that violates a person's right of privacy;

f.      Copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement";

g.      Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

h.      Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

*      *      *

20.     "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property.   All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

*      *      *

Exs. B-E, Form SS 00 08 04 05.

\*       \*       \*

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.**

**AMENDMENT OF EXCLUSIONS AND
DEFINITION – PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

**BUSINESS LIABILITY COVERAGE FORM**

**A.**     Subparagraph 1.p. (7), (8), (15) of Paragraph **2.**, of Section B. Exclusions is deleted and replaced with the following:

**p.**     **Personal and Advertising Injury:**

(7)(a)   Arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or

(b)   Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit," regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

(1)   Infringement, in your "advertisement," of:

(a)     Copyright;

(b)     Slogan; or

(c)     Title of any literary or artistic work; or

(2)     Copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement."

\*       \*       \*

Ex. B-E, Form SS 41 62 06 11.

\*       \*       \*

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.**

**CYBERFLEX COVERAGE**

This endorsement modifies insurance provided under the following:

**BUSINESS LIABILITY COVERAGE FORM**

This endorsement modifies coverage under the Business Liability Coverage Form for your web site or internet related activities.

**A.**     Exclusion **1.p**. "**Personal and Advertising Injury**" (Section **B. – EXCLUSIONS**) is modified as follows:

1.     Paragraphs **(4)**, **(5)** and **(7)** are deleted and replaced by the following:

\*       \*       \*

(7)(a)  Arising out of any violation of any actual or alleged infringement or violation of intellectual property rights, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity.

(b)     Any injury or damage alleged in any claim or suit" that also alleges an infringement or violation of any intellectual property rights, whether such allegation of infringement or

9

violation is made by you or by any other party involved in the claim or "suit," regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply to infringement, in your "advertisement" or on "your web site," of

(a) Infringement in your "advertising" of:

    (i) Copyright;

    (ii) Slogan; or

    (iii) Title in any literary or artistic work; or

(b) Copying in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement."

2. Paragraph **(9)** does not apply.

3. Subparagraphs **(a)**, **(b)** and **(c)** of Paragraph **(12)** do not apply.

B. Section **G.** – LIABILITY AND MEDICAL EXPENSES DEFINITIONS is amended as follows:

1. Paragraph **b**. of definition **1**. "advertisement" is deleted and replaced by:

"Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

**b**. The Internet;

2. Paragraphs **f**. and **g.** of the definition of "personal and advertising injury" are deleted and replaced by the following:

10

"Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

**f.** Copying, in your "advertisement" or on "your web site," a person's or organization's "advertising idea" or style of "advertisement"

**g.** Infringement of copyright, slogan, or title of literary or artistic work, in your "advertisement" or on "your web site"; or

3. The following is added to the definition of "personal and advertising injury":

As used in this definition, oral, written or electronic publication includes publication of material in your care, custody or control by someone not authorized to access or distribute that mater.

\*     \*     \*

Exs. B-E, Form SS 40 26 06 11

10. The excess umbrella coverages in the Sentinel Policies provide, in part, as follows:

**SECTION I – COVERAGES**

**Insuring Agreements**

**A.     Umbrella Liability Insurance**

1. We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence."

\*     \*     \*

11

2.      This insurance applies to "bodily injury," "property damage" or "personal and advertising injury" only if:

   a.   The "bodily injury," "property damage" or "personal and advertising injury" occurs during the "policy period"; and

*        *        *

**B.      EXCLUSIONS**

This policy does not apply to:

*        *        *

**4.      Personal and Advertising Injury**

"Personal and Advertising injury."

**EXCEPTION**

This exclusion does not apply if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury."

*        *        *

**14.      Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect the persons or property.

*        *        *

**SECTION VII – DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

12

A.   **"Accident"** means the continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

*    *    *

D.   **"Damages"** means a monetary award, monetary settlement or monetary judgment. "Damages" include prejudgment interest awarded against the "insured" on that part of the judgment we pay.

The following are not considered "damages" and are not covered by this policy:

1.   Fines, penalties, sanctions or taxes;

2.   Attorney's fees and costs associated with any non-monetary relief awarded against the "insured"; or

3.   Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of this policy.

*    *    *

F.   **"Occurrence"** means:

1.   With respect to "bodily injury" or "property damage," an "accident," including continuous or repeated exposure for substantially the same general harmful conditions; and

2.   With respect to "personal and advertising injury," an offense described in one of the numbered subdivisions of that definition in the "underlying insurance."

*    *    *

H.   **"Self-insured retention"** means the amount stated as such in the Declarations which is retained and payable by the "insured" with respect to each occurrence."

I.   **"Underlying insurance"** means the insurance policies listed in the Extension Schedule of Underlying Insurance

13

Policies, including any renewals or replacements thereof, which provide the underlying coverages and limits stated in the Schedule of the Underlying Insurance Policies.

Exs. B-E, Form SX 80 02 04 05.

\*       \*       \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**FOLLOWING FORM ENDORSEMENT – PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

**UMBRELLA POLICY PROVISIONS**

Exclusion **B.4 (Section I – Coverages)**, is replaced by the following:

**4.      Personal and Advertising Injury**

This policy does not apply to "personal and advertising injury."

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance," but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply.  Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

Exs. B-E, Form SX 24 33 06 10.

14

\*　　　\*　　　\*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**ILLINOIS CHANGES**

The endorsement modifies insurance under the following:

**UMBRELLA LIABILITY PROVISIONS**

\*　　　\*　　　\*

F.　　**SECTION VII – DEFINITIONS**

The definition of "damages" is replaced by the following:

**"Damages"** means a monetary award, monetary settlement or monetary judgment.

The following are not considered "damages" and are not covered by this policy:

1.　　Fines, penalties, sanctions or taxes;

2.　　Attorney's fees and costs associated with any non-monetary relief awarded against the "insured"; or

3.　　Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of this policy.

\*　　　\*　　　\*

Exs. B-E, Form SX 02 04 01 09.

11.　　Uncommon has demanded that Sentinel defend and indemnify it with respect to the counterclaims against it in the <u>Uncommon</u> Suit.

12.　　Sentinel denies that it owes Uncommon any defense or indemnity obligations with respect to the claims against Uncommon in the <u>Uncommon</u> Suit.

15

13.     An actual and justiciable controversy exists between Sentinel and Defendant as to the availability of insurance coverage for Uncommon with respect to the <u>Uncommon</u> Suit under the Sentinel Policies.  Pursuant to the Federal Declaratory Judgment Act, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## <u>COUNT I</u>

### <u>NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE</u>"

14.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 13 above as if fully set forth herein.

15.     Subject to all of the their terms, the Sentinel Policies provide coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Sentinel Policies.

16.     The claims in the <u>Uncommon</u> Suit do not concern claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

17.     Accordingly, Sentinel does not owe any defense or indemnity obligations to Uncommon under the "bodily injury" or "property damage" coverage of the Sentinel Policies for the claims against it in the <u>Uncommon</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify Uncommon for the claims against it in the <u>Uncommon</u> Suit; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT II**

**NO "PERSONAL AND ADVERTISING INJURY"**

18.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 13 above as if fully set forth herein.

19.     Subject to all of their terms, the Sentinel Policies provide coverage for claims for "damages" because of "personal and advertising injury" as those terms are defined and used in the Sentinel Policies.

20.     The claims in the Uncommon Suit do not concern claims for "damages" because of "personal and advertising injury."

21.     Therefore, Sentinel does not owe any defense or indemnity obligations to Uncommon under the "personal and advertising injury" coverage of the Sentinel Policies for the claims in the Uncommon Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify Uncommon for the claims against it in the Uncommon Suit; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT III**

**"DAMAGES"**

22.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 13 above as if fully set forth herein.

2132595v.1

23.     Subject to all of their terms, the Sentinel Policies only require that the insurer pay "damages" which the insured becomes legally obligated to pay.

24.     The <u>Uncommon</u> Suit seeks declaratory and injunctive relief and attorneys' fees and costs.

25.     These claims do not seek "damages" under the Sentinel Policies as that term is defined and used in the Policies or under applicable public policy.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.      A declaration finding that Sentinel owes no coverage to Uncommon for the claims for injunctive and declaratory relief and attorneys fees and costs against it in the <u>Uncommon</u> Suit; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT IV

## INTELLECTUAL PROPERTY EXCLUSIONS PRECLUDE COVERAGE

26.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 13 above as if fully set forth herein.

27.     The Sentinel Policies preclude coverage for claims "[a]rising out of any violation of any intellectual property rights such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity" and for "any injury or damage alleged in any claim or 'suit' that also alleges an infringement or violation of any intellectual property rights, whether such allegations of infringement or violation is made by

18

you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply." Exhibits B through E.

28.     The claims in the <u>Uncommon</u> Suit fall within the Intellectual Property Exclusions in the Sentinel Policies.

29.     Accordingly, Sentinel has no duty to defend or indemnify Uncommon for the claims against it in the <u>Uncommon</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify Uncommon for the claims against it in the <u>Uncommon</u> Suit; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT V**

**PRIOR PUBLICATION EXCLUSIONS PRECLUDE COVERAGE**

30.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 13 above as if fully set forth herein.

31.     The Sentinel Policies preclude coverage for claims "[a]rising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period." See, Exhibits B through E.

32.     The claims in the <u>Uncommon</u> Suit fall within the Prior Publication Exclusions in the Sentinel Policies.

33.     Accordingly, Sentinel has no duty to defend or indemnify Uncommon for the claims against it in the <u>Uncommon</u> Suit.

19

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Sentinel owes no duty to defend or indemnify Uncommon for the claims against it in the <u>Uncommon</u> Suit; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VI

### EXPECTED OR INTENDED INJURY EXCLUSIONS PRECLUDE COVERAGE

34. Plaintiff incorporates and restates the allegations of Paragraphs 1 though 13 above as if fully set forth herein.

35. The Expected or Intended Injury Exclusions in the Sentinel Policies preclude coverage for any "bodily injury" or "property damage" which is expected or intended from the insured's standpoint and for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting the injury.

36. To the extent that any injury or damage for "bodily injury", "property damage" or "personal and advertising injury" offenses is alleged in the <u>Uncommon</u> Suit, the Expected or Intended Exclusions bar coverage.

37. Accordingly, Sentinel owes no coverage to Uncommon for these claims against it in the <u>Uncommon</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

2132595v.1

A.    A declaration finding that Sentinel owes no coverage to Uncommon for the

claims against it in the <u>Uncommon</u> Suit; and

B.    For all such just and equitable relief, including costs of this suit.

**COUNT VII**

**KNOWLEDGE OF FALSITY EXCLUSIONS PRECLUDE COVERAGE**

38.    Plaintiff incorporates and restates the allegations of Paragraphs 1 though 12

above as if fully set forth herein.

39.    The Knowledge of Falsity Exclusion in the Sentinel Policies preclude coverage for

"personal and advertising injury" arising out of oral, written or electronic publication of

materials if done by or at the direction of the insured with knowledge of its falsity.

40.    To the extent that "damages" for "personal and advertising injury" is alleged in

the <u>Uncommon</u> Suit, the Knowledge of Falsity Exclusion bars coverage for such claims.

41.    Therefore, Sentinel owes no coverage to Uncommon for these claims in the

<u>Uncommon</u> Suit.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the

following relief:

A.    A declaration finding that Sentinel owes no coverage to Uncommon for the

claims against it in the <u>Uncommon</u> Suit; and

B.    For all such just and equitable relief, including costs of this suit.

## COUNT VIII

## THE PERSONAL AND ADVERTISING EXCLUSION IN
## THE EXCESS UMBRELLA COVERAGE PRECLUDES COVERAGE

42.     Plaintiff incorporates and restates the allegations of Paragraphs 1 though 41 above as if fully set forth herein.

43.     The excess umbrella coverage for the Sentinel Policies precludes coverage for "personal and advertising injury".

44.     Accordingly, Sentinel has no duty to defend or indemnify Uncommon for the claims against it in the Uncommon Suit under the excess umbrella coverage.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend or indemnify Uncommon for the claims against it in the Uncommon Suit; and

B.     For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

SENTINEL INSURANCE COMPANY LTD.

By:     /s/ Michael J. Duffy
                    One of Its Attorneys

Michael J. Duffy (6196669)
michael.duffy@wilsonelser.com
Abigail E. Rocap (6310024)
Abigail.rocap@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2132595v.1